UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS DIAZ,

     Petitioner,

 v.

STEPHEN SINCLAIR,

     Respondent.

CASE NO. C17-1446 JLR-BAT

**REPORT AND RECOMMENDATION**

## INTRODUCTION

On September 22, 2017, Carlos Diaz filed an application to proceed *in forma pauperis* (IFP)[1] and a proposed habeas corpus petition. Dkt. 1. Mr. Diaz challenges his incarceration at the Washington Corrections Center on the basis of a miscalculated state sentence and community custody. *Id*. It is unclear whether Mr. Diaz is attempting to proceed under 28 U.S.C. § 2241, or § 2254. However, because Mr. Diaz is not entitled to relief under either section, the Court recommends his habeas corpus petition be dismissed with prejudice.

## BACKGROUND

Mr. Diaz's petition alleges that Mr. Diaz was convicted of Assault in the Third Degree and sentenced on January 1, 2015, in King County Superior Court, case number 13-1-11735-1-

---

[1] By separate order, Mr. Diaz has been granted leave to proceed *in forma pauperis*. Dkt. 4.

REPORT AND RECOMMENDATION - 1

SEA. *Id*. at 13. The original Judgement and Sentence did not reflect a term of Community custody. *Id*. at 15. Mr. Diaz did not appeal his conviction or sentence. *Id*. After his release from prison on February 5, 2016, Mr. Diaz appeared in front of a state court judge to address the issue of community custody. *Id*. At the hearing, the state court judge amended the Judgement and Sentence in case number 13-1-11735-1-SEA to include a term of 12 months of community custody. *Id*.

Several months later, Mr. Diaz was arrested and charged with Robbery in the Second Degree; he subsequently pled guilty to a reduced charge. *Id*. at 16. After he served his robbery sentence, Mr. Diaz reported to his community corrections officer and was taken into custody. *Id*. at 17. The robbery conviction resulted in a revocation of community custody time imposed in case number 13-1-11735-1-SEA, and Mr. Diaz was placed back into prison on May 2, 2017, to serve an additional 500 days of imprisonment. *Id*. Although unclear, it appears Mr. Diaz alleges that the term of community custody imposed in case number 13-1-11735-1-SEA is improper and that the Department of Corrections miscalculated the amount of time he should serve. Due to these errors, Mr. Diaz contends he is being held in custody longer than he should be. *Id*.

After his community custody revocation, Mr. Diaz filed a Personal Restraint Petition ("PRP") in the Washington Court of Appeals, Division I in January 2017.[2] *See also* Dkt. 1. The Court of Appeals terminated review of the PRP and filed its decision on April 20, 2017. The Court of Appeals subsequently issued a certificate of finality on June 23, 2017. Mr. Diaz did not seek review of the Court of Appeals' decision in the Washington State Supreme Court.

//

---

[2] The Court takes judicial notice of Mr. Diaz's appellate case history located on the Washington Courts case records website, https://dw.courts.wa.gov.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

Mr. Diaz seeks federal habeas corpus relief using a form entitled "Petition for Writ of Habeas Corpus under 28 U.S.C § 2241." The form has been altered to include "§ 2254." Because it is unclear whether Mr. Diaz intends to proceed under § 2241 or § 2254, both grounds are addressed here.

**A.     Section 2241**

To the extent that Mr. Diaz seeks § 2241 habeas relief, it is not available to him in this case. Mr. Diaz is a state prisoner, and § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention, even when the petition only challenges the execution of the sentence and not the underlying conviction itself. *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004) (adopting the majority view that distinguishes between a *federal* prisoner's ability to resort to § 2241 to attack the execution of a sentence and the structural differences in the habeas statutes that make a state prisoner's resort to § 2241 improper to challenge the execution of a state sentence). Mr. Diaz may not, therefore, obtain habeas relief as to the execution of his Washington state sentence under § 2241.

**B.     Section 2254**

Mr. Diaz is also precluded from habeas relief under §2254 because he failed to exhaust his state remedies. A petitioner must properly exhaust state remedies before seeking a federal writ of habeas corpus. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To properly exhaust, the petitioner must give the state court a fair opportunity to correct the alleged violation of federal constitutional rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). This means that the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin*, 541 U.S. at 29; *see also Picard v. Connor*, 404 U.S. 270, 276-78 (1971); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The petitioner bears the burden to prove a claim has been properly exhausted. *Lambrix v. Singletary*, 520 U.S. 518, 523-24 (1997). "Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state." *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011). A party seeking Washington Supreme Court review must file a petition within 30 days after the Court of Appeals decision is filed. RAP 13.4.

Under these standards, Mr. Diaz has failed to properly exhaust his state remedies. Mr. Diaz filed a PRP with the Washington Court of Appeals, but presents no evidence that he sought review, in the Washington Supreme Court, of the Court of Appeals' denial of his claims. The Court of Appeals filed its decision denying Mr. Diaz's PRP on April 20, 2017. To properly exhaust his habeas claims Mr. Diaz is required to them to the highest state court. Here however, there is nothing showing Mr. Diaz sought Washington Supreme Court review of the Court of Appeals' denial of his PRP. Additionally, at this point Mr. Diaz cannot seek Washington Supreme Court review because a petition for Washington Supreme Court review must be filed within 30 days of the Court of Appeals' decision under RAP 13.4. Because the Court of Appeals denied Mr. Diaz's PRP on April 20, 2017, the time by which he was required to seek review in the Washington Supreme Court has long lapsed. Consequently, Mr. Diaz's claims are not only unexhausted, but they are also procedurally barred. Because Mr. Diaz's claims are procedurally barred, his §2254 should be dismissed.

## CERTIFICATE OF APPEALABILITY

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Wilson-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Diaz not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further. Mr. Diaz does not have an available remedy under § 2241, and he is procedurally defaulted from habeas relief under § 2254. Mr. Diaz should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**CONCLUSION**

For the reasons above, the Court recommends **DENYING** Mr. Diaz's habeas petition and **DISMISSING** it with prejudice. The Court further recommends **DENYING** the issuance of a certificate of appealability.

Any objections to this Recommendation must be filed and served upon all parties no later than **November 1, 2017.** The Clerk should note the matter for **Friday, November 3, 2017,** as ready for the District Judge's consideration. Objections and responses shall not exceed ten (10) pages. The failure to timely object may affect the right to appeal.

DATED this 11th day of October, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5